UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RONALD J. WALTMAN,

        Plaintiff,

v.

        Case No. 0:10-cv-62498-JIC

NCO FINANCIAL SYSTEMS, INC.,

        Defendant.
_____/

**DEFENDANT, NCO FINANCIAL SYSTEMS, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, NCO Financial Systems, Inc. ("NCO"), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Ronald J. Waltman ("Plaintiff"), and states:

1. NCO admits Plaintiff purports to bring this action for alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55, *et seq.*, and the Telephone Consumer Collection Practices Act (TCPA), 47 U.S.C. § 227, *et seq.*, but denies any violations, liability or wrongdoing under the law. Except as specifically admitted, NCO denies the allegations in ¶ 1.

**JURISDICTION AND VENUE**

2. NCO leaves all matters of jurisdiction to the Court; therefore NCO denies the allegations in ¶ 2.

3. NCO leaves all matters of jurisdiction to the Court; therefore NCO denies the allegations in ¶ 3.

## PARTIES

4. NCO denies the allegations in ¶ 4 for lack of information and knowledge to forma reasonable belief therein.

5. NCO admits the allegations in ¶ 5.

6. NCO admits part of its business is the collection of debts and that it uses mail and telephone to do so. Except as specifically admitted, NCO denies the allegations in ¶ 6.

7. NCO admits part of its business is the collection of debts for other parties. Except as specifically admitted, NCO denies the allegations in ¶ 7.

8. NCO admits that when it engages in debt collection as defined by the FDCPA it is a debt collector; otherwise, NCO denies the allegations in ¶ 8.

9. NCO admits the allegations in ¶ 9.

## FACTUAL ALLEGATIONS

10. NCO admits accounts in Plaintiff's name were placed with NCO for collection. Except as specifically admitted, NCO denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein.

11. NCO admits its records show it called Plaintiff and left messages for him; however, the complete audio recording is the best evidence of the messages. Except as specifically admitted, NCO denies the remaining allegations in ¶ 11 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief therein..

12. NCO denies the allegations in ¶ 12.

13. NCO denies the allegations in ¶ 13.

14. NCO denies the allegations in ¶ 14.

15. NCO denies the allegations in ¶ 15.

16. NCO denies the allegations in ¶ 16.

17. NCO denies the allegations in ¶ 17.

18. NCO denies the allegations in ¶ 18.

## COUNT I
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

19. NCO reasserts the foregoing as if fully stated herein.

20. NCO denies the allegations in ¶ 20.

## COUNT II
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEHPONE

21. NCO reasserts the foregoing as if fully stated herein.

22. NCO denies the allegations in ¶ 22.

## COUNT III
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

23. NCO reasserts the foregoing as if fully stated herein.

24. NCO denies the allegations in ¶ 24.

## COUNT IV
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

25. NCO reasserts the foregoing as if fully stated herein.

26. NCO denies the allegations in ¶ 26.

27. NCO denies the allegations in ¶ 27 as calling for a legal conclusion.

## COUNT V
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

28. NCO reasserts the foregoing as if fully stated herein.

29. NCO denies the allegations in ¶ 29.

### NCO'S AFFIRMATIVE DEFENSES

1. Plaintiff has not stated a claim upon which relief may be granted. First, the messages transcribed in Plaintiff's Complaint are not messages from NCO-they are messages from Encore. Second, the dialer used by NCO does *not* meet the statutory definition of an "automatic telephone dialing system" because the dialer does *not* have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers. *See* 47 U.S.C. 227(a)(1). Further, plaintiff has failed to allege and cannot assert facts necessary to establish standing to bring a private remedy claim under the TCPA. Plaintiff also was not charged for any of the calls made by NCO or messages left by NCO. *See* 47 U.S.C. 227(b)(1)(A)(iii).

2. Plaintiff's claims are barred by the statute of limitations and/or laches.

3. Plaintiff's claims are barred by failure to mitigate, estoppel, waiver, unclean hands, consent and/or assumption of risk in that plaintiff: Provided the phone number at issue to his creditor(s), to his creditors' assignees, and/or agents; consented to and authorized calls to the number; refused and/or failed to answer the calls or return the messages left; made no request for the calls to cease or otherwise object to the calls; and

knowingly and intentionally allowed and facilitated the calls to continue with the sole purpose to accumulate statutory damages under the TCPA.

4. Plaintiff's claims are barred by abuse of process and/or malicious prosecution in that plaintiff has been represented by his counsel since April of 2010, has sued at least 8 other defendants for the same or similar alleged violation, and sought the advice of his counsel before the date of the first recorded call or message, invited the alleged violating calls with the sole purpose to accumulate statutory damages under the TCPA and file a lawsuit thereon.

5. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than NCO and was beyond the control or supervision of NCO or for whom NCO was and is not responsible or liable. In particular and without limitation, the number at issue was provided to NCO by the placing creditor with the express and/or implied warranty that plaintiff consented to and authorized calls to the number.

6. This Court has no jurisdiction over the TCPA claim. *See Nicholson v Hooters of Augusta, Inc.*, 136 F.3d 1287 (11th Cir. 1998); *Marcus D. Mims v. Arrow Financial Services, LP,* Eleventh Circuit Court of Appeals; Case No. 10-12077.

7. Plaintiff consented and authorized calls to the phone number in question for 1 or more of the accounts that NCO was working.

8. As applied to the related facts, the TCPA is unconstitutional. Specifically, the TCPA unfairly restricts commercial speech and also impermissibly treats subsets of commercial speech differently. The TCPA is not content neutral and is not a legitimate time, place, and manner restriction of commercial speech.

9. To the extent that any violations are established, which are denied, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

10. NCO denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of NCO's purported violations.

11. The actual message(s) left for Plaintiff by NCO was full, complete and contained all of the requisite disclosures.

12. To the extent that Plaintiff did not capture the actual message left with his own recording device, the same is not a violation.

13. Plaintiff, his telephone, and/or his answering machine caused any incomplete messages that Plaintiff may have received from NCO.

14. Plaintiff knew who was calling and why; therefore, plaintiff's failure to capture the full recording is immaterial and cannot be said to create a violation or any damages.

15. 1 or more calls made to Plaintiff by NCO were not made to a cell phone.

16. 1 or more calls made to Plaintiff by NCO were not made with a dialer.

17. The FCCPA does not require all messages contain the full Foti disclosure.

WHEREFORE, Defendant, NCO Financial Systems, Inc., requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

        Respectfully Submitted,

        /s/ Kenneth C. Grace
        Kenneth C. Grace, Esq.
        Florida Bar No.: 0658464
        Dayle M. Van Hoose, Esq.
        Florida Bar No.: 0016277
        Sessions, Fishman, Nathan & Israel, L.L.C.
        3350 Buschwood Park Drive, Suite 195
        Tampa, FL 33618
        Telephone:   (813) 890-2465
        Facsimile:    (866) 466-3140
        dvanhoose@sessions-law.biz
        kgrace@sessions-law.biz

        Attorneys for Defendant,
        NCO Financial Systems, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of March 2011, a copy of the foregoing was served electronically via CM/ECF on the following:

        Donald A. Yarbrough, Esq.
        P.O. Box 11842
        Ft. Lauderdale, FL  33339

        /s/ Kenneth C. Grace
        Attorney

\\sfnfs02\prolawdocs\6947\6947-26921\Waltman, Ronald J\379084.doc